IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| CHRISTOPHER FLOWERS,<br>a/k/a JON;<br>BRANDI WEST,<br>a/k/a BRANDI SINGLETON; and<br>NATHAN CHARLES REIS | Violations:  21 U.S.C. §§ 841(a)(1),<br>841(b)(1)(A)(viii), 841(b)(1)(B)(vi), and<br>846; and 18 U.S.C. §§ 1956(h), and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about June 2024 through the date of this Indictment, in the Districts of

North Dakota, Minnesota, Western Wisconsin, Northern Illinois, and elsewhere,

CHRISTOPHER FLOWERS, a/k/a JON;
BRANDI WEST, a/k/a BRANDI SINGLETON; and
NATHAN CHARLES REIS

did knowingly and intentionally combine, conspire, confederate, and agree together and

with others, both known and unknown to the grand jury, to possess with intent to

distribute and distribute mixtures and substances containing detectable amounts of

methamphetamine and fentanyl, Schedule II controlled substances, in violation of Title

21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Drug Quantity

The amount involved in this conspiracy attributable to CHRISTOPHER

FLOWERS, a/k/a JON, and NATHAN CHARLES REIS, as a result of their own

conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

The amount involved in this conspiracy attributable to CHRISTOPHER FLOWERS, a/k/a JON, as a result of his own conduct, and of the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi).

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1.      It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute mixtures and substances containing detectable amounts of methamphetamine and fentanyl, Schedule II controlled substances, within the states of North Dakota, Minnesota, Wisconsin, Illinois, and elsewhere;

2.      It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3.      It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and fentanyl;

4.      It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5.      It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine and fentanyl sales;

6.      It was further a part of said conspiracy that one or more conspirators sent and received money wire transfers that were payment for and proceeds of methamphetamine and fentanyl sales;

7.      It was further a part of said conspiracy that one or more conspirators used social media applications, including but not limited to Facebook, to facilitate the distribution of methamphetamine and fentanyl;

8.      It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, houses, and hotel rooms in North Dakota in which to store, possess, and distribute methamphetamine and fentanyl;

9.      It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, Wisconsin, and Illinois to obtain, transport, and distribute methamphetamine and fentanyl;

10.     On or about November 25, 2024, CHRISTOPHER FLOWERS, a/k/a JON, possessed with intent to distribute approximately 958 grams of methamphetamine and 99 grams of fentanyl in Fargo, North Dakota;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United States, 328 U.S. 640 (1946).

<u>COUNT TWO</u>

**Possession with Intent to Distribute Controlled Substances**

The Grand Jury Further Charges:

On or about November 25, 2024, in the District of North Dakota,

CHRISTOPHER FLOWERS, a/k/a JON,

did knowingly and intentionally possess with intent to distribute 500 grams or more of a

mixture and substance containing a detectable amount of methamphetamine, and 40

grams or more of a mixture and substance containing a detectable amount of fentanyl,

Schedule II controlled substances;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii),

841(b)(1)(B)(vi), and Title 18, United States Code, Section 2.

4

COUNT THREE

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about June 2024 through the date of this Indictment, in the Districts of North Dakota, Minnesota, Western Wisconsin, Northern Illinois, and elsewhere,

CHRISTOPHER FLOWERS, a/k/a JON;
BRANDI WEST, a/k/a BRANDI SINGLETON; and
NATHAN CHARLES REIS

did knowingly combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce that involved the proceeds of specified unlawful activity, that is, a drug trafficking conspiracy: (1) with intent to promote the carrying on of that specified unlawful activity, and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

Manner and Means

The manner and means used to accomplish the objectives of this conspiracy included, among others, the following:

1.      The defendants and others possessed with intent to distribute and did distribute mixtures and substances containing detectable amounts of methamphetamine

and fentanyl, Schedule II controlled substances, within the states of North Dakota,
Minnesota, Wisconsin, Illinois, and elsewhere;

2.     The defendants and others would and did conduct financial transactions by
collecting and transferring United States currency that was payment for and proceeds of
methamphetamine and fentanyl sales;

3.     The defendants and others would and did conduct financial transactions by
using peer-to-peer money transfer services, including but not limited to Cash App and
Zelle, to send and receive payment for and proceeds of methamphetamine and fentanyl
sales;

4.     The defendants and others would and did conduct financial transactions by
sending and receiving money wire transfers that were payment for and proceeds of
methamphetamine and fentanyl sales;

5.     The purpose of these financial transactions was to promote the ongoing
drug trafficking conspiracy and to conceal and disguise the nature, location, source,
ownership, and control of its proceeds;

In violation of Title 18, United States Code, Section 1956(h).

<u>FORFEITURE NOTICE</u>

Upon conviction of one or more of the offenses alleged in this Indictment,

CHRISTOPHER FLOWERS, a/k/a JON; and
BRANDI WEST, a/k/a BRANDI SINGLETON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982, all right, title, and interest in any property involved in the violation of Title 18, United States Code, Section 1956(h), or any property traceable to such property, and shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation(s) of Title 21, United States Code, Sections 841(a)(1) and 846, and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of said violation(s), including but not limited to:

- $10,481 in United States currency seized on or about November 25, 2024, in Fargo, North Dakota.

If any of the forfeitable property as a result of any act or omission of a defendant:

   (a)    cannot be located upon the exercise of due diligence;

   (b)    has been transferred or sold to, or deposited with, a third party;

   (c)    has been placed beyond the jurisdiction of the Court;

   (d)    has been substantially diminished in value; or

   (e)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Jennifer Klemetsrud Puhl
JENNIFER KLEMETSRUD PUHL
Acting United States Attorney

MPK/tmg